IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY SWYEAR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-1214-SMY-RJD ) |
| FARE FOODS CORPORATION, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Amy Swyear, a former employee of Defendant Fare Foods Corporation, filed this action alleging discrimination under the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. and a state law breach of contract claim. Defendant moves to dismiss Plaintiff's breach of contract claim (Count IV) for failure to state a claim (Doc. 25). Plaintiff filed a response (Doc. 34). For the following reasons, the motion is **GRANTED.**

## Background

Plaintiff's Complaint alleges the following: Fare Foods Corporation ("Fare Foods") extended a written offer of employment to Plaintiff for the position of Outdoor Sales Representative. The offer included terms negotiated by the parties after previous contract offers. The employment contract did not have a fixed duration and could be terminated by either party, at any time, for any reason. After Plaintiff's employment began, the terms of her job quickly changed. Specifically, Fare Foods breached the contract by reassigning Plaintiff to a different position, refusing to provide Plaintiff with a company vehicle, refusing to provide Plaintiff with a company credit card in a timely fashion, preventing Plaintiff from using a personal phone to

conduct work-related business and subjecting Plaintiff to a hostile and intimidating work environment.

## Discussion

Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015). In reviewing a complaint, the Court must accept all factual allegations as true, and must draw all reasonable inferences in Plaintiff's favor. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

In Illinois, employment relationships are presumed to be at-will and thus a party's employment can be terminated at any time without notice or cause. *LaScola v. U.S. Sprint Commc'ns,* 946 F.2d 559, 563–64 (7th Cir. 1991). The at-will presumption can only be overcome by a showing that the parties contracted otherwise, which requires an agreement stipulating that the employee could only be terminated for cause or a certain term of employment. *LaScola,* 946 F.2d at 563–64. Also under Illinois law, a plaintiff asserting breach of contract must allege: (1) "the existence of a valid and enforceable contract"; (2) that he or she substantially performed on the contract; (3) that the defendant breached the contract; and (4) that damages resulted from the alleged breach of contract. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 814 N.E.2d 960, 967 (Ill. App. Ct. 2004).

Fare Foods asserts that Plaintiff was an at-will employee, which precludes her from claiming breach of contract. Specifically, Fare Foods contends that Plaintiff's claim must be dismissed because she failed to allege that her employment agreement provided that her employment was to continue for certain term.

Here, Plaintiff acknowledges in her Complaint that under the terms of her agreement with Fare Foods, there was no fixed duration of employment and the agreement could be terminated by either party, at any time, for any reason. When an employee is hired without a fixed term and, "absent a specific contract to the contrary, employment contracts are terminable at will." *Cunningham v. UTI Integrated Logistics, Inc.*, 2010 WL 1558718, at *2 (S.D. Ill. 2010) quoting *Harris v. Eckersall,* 771 N.E.2d 1072, 1075 (Ill. App. Ct. 2002).

Plaintiff relies on *Corrigan v. Cactus Int'l Trading Co.*, 771 F. Supp. 262, 264 (N.D. Ill. 1991) and *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 115 Ill. 2d 482, 484, 505 N.E.2d 314, 315 (1987) to support her position that the parties entered into a valid, enforceable contract. However, these cases only bolster well-established Illinois law that an agreement without a clear and definite term of duration is terminable at will. Accordingly, Defendant's motion is granted as to Count IV of Plaintiff's Complaint.

**IT IS SO ORDERED.**

**DATED: June 19, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**