IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMY SWYEAR, )
 )
    Plaintiff, )
 )
vs. ) Case No. 3:16-cv-01214-SMY-RJD
 )
FARE FOODS CORPORATION, )
 )
    Defendant. )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court to resolve a discovery dispute between Plaintiff Amy Swyear and Defendant Fare Foods Corporation. According to Swyear's amended complaint (Doc. 22), in June, 2015, she was hired by Fare Foods Corporation to work as an outside sales representative. Swyear asserts that she was subject to a hostile work environment and ultimately terminated for reporting sexual harassment. Swyear brings Title VII gender discrimination, sexual harassment and retaliation claims against the Defendant. The amended complaint also asserted a state law breach of contract claim, but that claim was subsequently dismissed. (*See* Doc. 41).

The discovery dispute at issue arose during Swyear's deposition. During her deposition, the following exchange occurred:

> Q [Shari Rhode, defense counsel]. Let me ask you a question. I'm assuming -- may I assume you've had discussions with your lawyer, and I'm not asking what they were? You've had discussions about your case with your attorney?
> A [Amy Swyear]. Yes.
> Q. When you had any of these discussions was there anyone else present, like your mother or anybody else?
> A. My mother was present on just the initial consultation.
> Q. All right. Any of the other conversations that you had with your attorney, was there any other person present?

>A. I believe just myself.
>Q. So tell me what was discussed at the initial meeting when your mother was present.
>MR. KAUFHOLD: Objection.
>MS. RHODE: Based on what?
>MR. KAUFHOLD: Attorney/client privilege.
>MS. RHODE: Not if her mother is present.
>MR. KAUFHOLD: Still attorney/client privilege.
>MS. RHODE: No, it's not.  Are you instructing her not to answer?
>MR. KAUFHOLD: I think it's attorney/client privilege.
>MS. RHODE: Not if a third party that you're not representing is present.  Are you instructing --
>MR. KAUFHOLD: Well, we're going to have to research that.
>MS. RHODE: Are you instructing her not to answer?
>MR. KAUFHOLD: I'm instructing her not to – [.]

Defendant now seeks to compel Plaintiff to respond to the line of questioning regarding what was discussed at the initial consultation with her attorney.  On June 26, 2017, the Court conducted a discovery dispute telephone conference with the parties to discuss the issue.  Because Plaintiff's mother was present during the conversation, Defendant argues that Plaintiff waived attorney client privilege.  Plaintiff argues that the attorney client privilege is applicable.  Plaintiff also mentioned during the discovery dispute conference that Swyear's mother had a previous business relationship with Fare Foods.  Plaintiff stated that her mother also sought legal advice during the initial consultation as whether she also had a potential claim against Defendant.  Plaintiff thus argues that the attorney client privilege should be maintained under the common interest doctrine.

Rule 501 of the Federal Rules of Evidence states that federal privilege law applies to federal claims and state privilege law applies to diversity cases.  Because Swyear proceeds on claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, federal common law privilege is applicable.  The Seventh Circuit has articulated the elements of the attorney client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing 8 John Henry Wigmore, Evidence in Trials at Common Law § 2292 (John T. McNaughton rev.1961)). The sole dispute is whether Swyear waived the privilege by communicating to her attorney in the presence of her mother.

Generally, "the attorney-client privilege will not shield from disclosure statements made by a client to his or her attorney in the presence of a third party who is not an agent of either the client or attorney." *Evans*, 113 F.3d at 1462. This is the standard under Seventh Circuit precedent and Illinois law. *See id.*; *In re Walsh*, 623 F.2d 489, 495 (7th Cir. 1980); *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007); *In re Himmel*, 125 Ill. 2d 531, 542, 533 N.E.2d 790, 794 (1988) ("information voluntarily disclosed by a client to an attorney, in the presence of third parties who are not agents of the client or attorney, is not privileged information"). An exception to this general rule exists where the third party is present to assist the attorney in providing legal services, such as paralegals, retained experts, interpreters, legal assistants and so forth. *Jenkins v. Bartlett*, 487 F.3d 482, 491 (7th Cir. 2007).

Here, it appears that Swyear's mother was present during the initial consultation to provide emotional or moral support. While the Court is not unsympathetic to Swyear's position, the presence of her mother during the consultation waived the attorney client privilege. Courts have repeatedly noted that the scope of the attorney client privilege "should be strictly confined within the narrowest possible limits," *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.

1983), and the waiver exception for individuals assisting an attorney is inapplicable to this situation.

Additionally, Swyear's communications are not protected under the common interest doctrine. The common interest doctrine is "an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). The doctrine is applicable "where the parties undertake a joint effort with respect to a common legal interest, and the doctrine is limited strictly to those communications made to further an ongoing enterprise." *Id*. at 816. Although Swyear's mother may have had prior business dealings with the Defendant, Swyear and her mother did not share a common legal interest. Swyear is pursuing a Title VII wrongful termination and sexual harassment lawsuit; there is no evidence that Swyear's mother sought legal services for such claims. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 365 (3d Cir. 2007) ("Because the common-interest privilege is an exception to the disclosure rule, which exists to prevent abuse, the privilege should not be used as a post hoc justification for a client's impermissible disclosures").

In sum, Plaintiff's objections are overruled, and Plaintiff shall respond to Defendant's questions regarding the initial client consultation.

**IT IS SO ORDERED.**

**DATED:  July 12, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**