UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY SWYEAR ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  3:16-CV-01214-SMY-RJD |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| FARE FOODS CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Amy Swyear, by and through counsel Kaufhold and Associates, and, pursuant to Fed. R. Civ. P. 56 and SDIL – LR 7.1(c), moves this Court to grant summary judgment in her favor.  In addition to her supporting memorandum, Plaintiff states as follows:

1. Plaintiff filed her Amended Complaint on March 23, 2017.  Doc. 22.

2. In her complaint, Plaintiff alleges sexual discrimination (Count I), sexual harassment (Count II), and retaliation (Count III).  Doc. 22.

3. More fully set out in her supporting memorandum, Plaintiff provides a brief fact statement.

4. FF owner Ron Porter believes that women are inferior to men due to genetic differences.  Ex. 2, 57:10-24.  Porter implemented this belief in his operation of FF.  *Id.*  As a result, FF employed genetically discriminatory terms of employment.

5. Swyear applied for a position with FF.  Prior to getting hired, Porter and Sales Manager Robert Williams required Swyear to overcome gender-based hurdles to get the position of Outside Sales Representative.

6. First, during an interview, Williams discussed several behavioral concerns for sales representations. Ex. 7, 49:16-51:06. The discussion necessarily forced Swyear to address her ability to handle herself while on the road.

7. Second, during a subsequent interview, Porter discussed concerns that the industry is male-dominated. Ex. 8, § 6. See also Ex. 1, 54:19-61:11. The discussion necessarily forced Swyear to address her ability to perform as a female in a men's world.

8. Porter later provided that he believed that females are able to manipulate men into unloading trucks. Ex. 2, 55:19-56:11. Thereby, inferring that Swyear, as a female, has some beneficial qualities.

9. Upon clearing these hurdles, Williams introduced several employees by derogatory names such as "Nips" and "Bitchy Ritchie". Ex. 7, 80:14-81:03, 80:03-130. During a sales meeting, Porter and Williams listened to other employees introduce a client a "Cunty", a nickname used for over six years. Ex. 7, 81:04-22 & 84:21-86:07. FF justifies "Cunty" claiming that the client is both "unpleasant" and a "bitch. Ex. 2, 30:24-32:23. See also Ex. 23, p. 9, ¶ 1.

10. Swyear faced unwanted advances while on a work trip along with Russell Scott, another outside sales representative. Swyear notified the human resources director of the harassing conduct. Ex. 17.

11. The HR director interviewed Scott, who admitted to many of the key factual details including propositioning Swyear to sleep together and to be cuddle buddies. Ex. 18, 132:06-133:19.

12. To prevent further harassment, FF transferred Swyear from outside sales to inside sales in order to prevent further allegations. Doc. 24, ¶ 64. Though admitting to the move, FF

never notified Swyear of the move.  FF then graded Swyear based upon the new position; leading to complaints regarding her performance.  Ex. 10. & 19.

13. FF then terminated Swyear for failure to adapt to the new position.

## LEGAL STANDARD

14. Rule 56 (c) provides that judgment should be rendered if the pleadings, discovery, an disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  F.R.C.P. 56(c).  The adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, *shall* be entered against the adverse party.  *Waldridge v. American Hoechst Corp.,* 24 F. 3d 918, 920 (1994).

## Count I: Sexual Discrimination under Title VII

15. Title VII prohibits employment discrimination based upon one's race, color, religion, sex, and national origin.  The law also prohibits an employer from retaliating against an employee who opposes sexual harassment in the workplace.  42 U.S.C. 2000e.

16. Defendant is an employer as defined in 42 U.S.C. § 2000e(a) and an employer as defined under 42 U.S.C. § 2000e(b).

17. FF admittedly discriminated against Plaintiff by ownership and senior management (1) establishing gender-based pre-employment hurdles, (2) creating and enforcing terms of employment based on the owner's belief that females are "genetically inferior" and thereby requiring male protection, (3) failing to treat her equally as her male counterparts, (4) grading her performance on illegitimate performance metrics, (5) failing to give her

all the tools of her position, (6) creating and fostering a hostile work environment, (7) reassigning her positions, and (8) terminating her for failing to conform to the lesser role.

18. Though FF employs an anti-harassment policy and internal complaint procedure, the procedures are inadequate to address the sexual discrimination, nor did it implement prompt remedial measures when notified by the Plaintiff.  Additionally, FF's ownership and senior leadership actively participated in the discrimination and failed to remedy the conduct of others.

19. Defendant is strictly liable for the acts and conduct that Porter, Williams, and Harsy engaged in towards Plaintiff and other women.  Defendant is vicariously liable for the sexual discrimination that other employees, including OSR Scott, engaged in towards Plaintiff and other females.

20. As a proximate result of the discrimination, Plaintiff suffered lost wages and benefits from lost employment, while suffering humiliation, pain and mental anguish leading to diagnosis of post-traumatic stress disorder.

21. For the reasons mentioned above, Summary Judgement in favor of Plaintiff should be granted as no issues of material fact exist in relation to Count I of Plaintiffs' Complaint.

WHEREFORE, Plaintiff respectfully requests summary judgment be granted in her favor on Count I of her Amended Complaint.

Count II: Sexual Harassment under Title VII

1. Title VII prohibits sexual harassment as a term and condition of employment. The law also prohibits an employer from retaliating against an employee who opposes sexual harassment in the workplace.  42 U.S.C. 2000e.

2. Defendant is an employer as defined in 42 U.S.C. § 2000e(a) and an employer as defined under 42 U.S.C. § 2000e(b).

3. FF admittedly subjected Plaintiff to sexual harassment by (1) subjecting to sexual charge language with the use of language such as "Cunty", "Nips", and "Big Tittie Blonde Carnie", (2) operating a work environment where the sexual behavior of employees became topics of regular conversations between coworkers and supervisors, (3) subjecting Swyear to repeated unwanted sexual advances, (4) and providing Scott with the means and opportunity to make unwanted sexual advances on Swyear.

4. Though FF employs an anti-harassment policy and internal complaint procedure, the procedures are inadequate to address the sexual harassment, nor did it implement prompt remedial measures when notified by the Plaintiff.  Additionally, FF's ownership and senior leadership actively participated in the discrimination and failed to remedy the conduct of others.

5. Defendant is strictly liable for the acts and conduct that Porter, Williams, and Harsy engaged in towards Plaintiff and other women.  Defendant is vicariously liable for the sexual discrimination that other employees, including OSR Scott, engaged in towards Plaintiff and other females.

6. As a proximate result of the discrimination, Plaintiff suffered lost wages and benefits from lost employment, while suffering humiliation, pain and mental anguish leading to diagnosis of post-traumatic stress disorder.

7. For the reasons mentioned above, Summary Judgement in favor of Plaintiff should be granted as no issues of material fact exist in relation to Count II of Plaintiffs' Complaint.

WHEREFORE, Plaintiff respectfully requests summary judgment be granted in her favor on Count II of her Amended Complaint.

### Count III – Retaliation for Opposing Sexual Harassment

8. Plaintiff incorporates the above reference paragraphs by reference.

9. Defendant violated Title VII when it retaliated against Plaintiff by (1) placing Plaintiff in remedial training, (2) reassigning Plaintiff to Inside Sales, (4) subjecting Plaintiff to a hostile work environment, (5) refusing to provide Plaintiff with a company vehicle, and (6) terminating Plaintiff under false pretenses.

10. Defendant's ownership and senior leadership were active participants in the retaliation. As such, FF policies and procedures failed to prevent the conduct. Additionally, FF failed to implement prompt remedial measures when notified of the violating conduct.

11. Defendant is strictly liable for the retaliation committed by Porter, Williams, and Harsy.

12. As a proximate result of the retaliatory conduct, Plaintiff suffered lost wages and benefits from lost employment, while suffering humiliation, pain and mental anguish leading to diagnosis of post-traumatic stress disorder.

13. For the reasons mentioned above, Summary Judgement in favor of Plaintiff should be granted as no issues of material fact exist in relation to Count I of Plaintiffs' Complaint.

WHEREFORE, Plaintiff respectfully requests summary judgment be granted in her favor on Count III of her Amended Complaint.

                KAUFHOLD & ASSOCIATES, P.C.

        By:_____/s/ Doug Stewart_____
               Doug Stewart, MO #70374
               5111 West Main Street
               P.O. Box 23409
               Belleville, Illinois 62226-0409
               (618) 235-3580
               Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of <u>January 2018</u>, I caused the foregoing to be filed with the Court using the Court's ECF case management/filing system, thereby causing the foregoing to be served upon the counsel of record:

Shari Rhode
Rhode Law
1405 West Main Street
Carbondale, IL 62901

                                        */s/ Doug Stewart*