UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMY SWYEAR | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  3:16-CV-01214-SMY-RJD |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| FARE FOODS CORPORATION | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Amy Swyear, by and through counsel Kaufhold and Associates P.C., and in reply to Defendant's Response to Plaintiff's Motion for Summary Judgment. Plaintiff hereby states as follows:

Reply briefs are generally disfavored and shall be granted only in exceptional circumstances.  SDIL-LR 7.1(c).  See also *Spano v. The Boeing Company*, 125 F. Supp. 3d 848, 856 (S.D. Il, 2014).  Exceptional circumstances include previous unalleged assertions. *Marion Healthcare, LLC v. S. Ill. Healthcare*, 2013 U.S. Dist. LEXIS 178964 at *2-3 (S.D. Il, December 20, 2013).  See also *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590,595 (7th Cir. 2017)(failure to reply to an objection constitutes a waiver).  Here, a reply brief is appropriate as Defendant Fare Foods Corporation ("Fare Foods") makes new assertions and, at times, misapplies the law.

A. <u>Plaintiff relies upon admissible evidence and, thus, this Court should give the evidence proper weight while considering the Plaintiff's Motion for Summary Judgment.</u>

First, Defendant claims that Plaintiff relies upon no admissible evidence.  Doc. 54, p. 1-2. Regarding Plaintiff's motion for summary judgment, Defendant's position is unsupported as Plaintiff cites to thirty-three separate, admissible exhibits.  See *generally* Doc. 52, 52-1, attached

exhibits.  Defendant later argues that it is insufficient to cite to evidentiary documents attached to a motion without providing any legal authority for its position.  Doc. 54, p. 1-2.  As more fully set out below, the Plaintiff cited to evidence admissible at trial[12].

Rather, Defendant attempts to use its response as an untimely reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.  Doc. 54, p. 2-3.  To that extent, it should be stricken as a party must seek leave to supplement any untimely filed responsive brief.  SDIL-LR 7.1(c).  While dueling rule 56 motions are judged independently[3], the Court need not turn a blind eye to evidence within the record via the competing motions.  Rather, by rule, courts may consider other materials in the record.  Fed. R. Civ. Pro. 56(c)(3).

This situation is somewhat unique as the Defendant filed for summary judgment months prior to the close of discovery[4].  In her response, the Plaintiff, as provided for by Rule 56(d), declared that she cannot present essential facts in opposition as discovery is not yet complete.  Doc. 47, p. 1.  Plaintiff further notified the Court that Defendant actively withheld discovery while filing for summary judgment.  *Id.*  See also Fed. R. Civ. Pro. 56(d).  By rule, the Court is thus allowed to defer consideration of Defendant's Summary Judgment motion until facts become available or issue other appropriate relief.  *Id.*

After filing her response (Doc. 47), Plaintiff timely continued and completed discovery.  While doing so, facts became available to Plaintiff that support her opposition to Defendant's motion for summary judgment.  Plaintiff included those facts in her competing motion for

---

[1] The Plaintiff requests a more definitive statement from Defendant regarding the alleged inadmissibility of any exhibit and the ability to respond accordingly.
[2] Party may rely upon inadmissible evidence in support of its motion for summary judgment so long as the party may admit the evidence at trial in an admissible form.  See *Aguilar v. Gaston-Camara*, 861 F.3d 626, 631 (7th Cir. 2017).
[3] See *Black Earth Meat Mkt., LLC v. Vill. of Black Earth*, 834 F.3d 841, 847 (7th Cir. 2016).
[4] Defendant filed for summary judgment on September 11, 2017.  Doc. 46.  The period for discovery ended on January 5, 2018.  Doc. 32-1, p. 2, § 8.

summary judgment, timely filed on January 19, 2018[5]. Docs. 52, 52-1. Plaintiff did not seek leave to file a supplemental brief in opposition of Defendant's motion as doing so created numerous redundancies on the Court as the supplemental brief would, in effect, reargue all the points contained within Plaintiff's motion for summary judgment. To the extent this Court finds it helpful to supplement her response brief, Plaintiff moves the Court for leave to do so.

Alternatively, while Defendant challenges the admissibility of several exhibits, the Defendant only specifically challenges exhibit eight (8) as inadmissible hearsay. Doc. 54, p. 10-11. In essence, the Defendant alleges that the document is hearsay within hearsay. Doc. 54, p. 11, ¶ 1. Second, Defendant provides the document does not identify who made the statement regarding the "male-dominated field". *Id.* Concerning the latter, Defendant is correct that the document does not identify who made the statement. Doc. 52, Ex. 8. Harsy, who drafted the document, testified that Porter made the statement during the meeting. Doc. 52, Ex. 1, 59:04-13. Given that Porter is the owner and president of Fare Foods, the statement itself is excluded from hearsay as a statement by a party. FRE 801(d)(2)(A).

Second, the document is also a party admission, and, thus, itself not hearsay. Statements made by an employee are chargeable to an employer as a party admission when the statement concerns a subject matter of the employee's job description. *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 762 (7th Cir. 2003). Alternatively, the document is also admissible as a hearsay exemption as the document is a business record. Fed. R. Evid. 803(6). The analysis is similar under both. Harsy created the document in order to record conversations between Porter and Swyear. Doc. 52, Ex. 1, 46:08-49:05. Harsy routinely documented such meetings. Doc. 52, Ex. 1, 22:10-15, 32:10-33:16, 37:12-41:24 (Harsy describes various notes taken during meeting

---

[5] Defendant incorporated its Motion for Summary Judgement by reference. Doc. 54, p. 5, ¶ 2. Thus, Defendant has no grounds to object to similar treatment for Plaintiff.

with Plaintiff).  Thus, the document, itself a statement, is made within and concerning his job duties.  As such, it is also a party admission; chargeable against Fare Foods.

Assuming, *arguendo*, the Court finds the statement is not an admission.  The document is admissible as a business record.  Fed. R. Evid. 803(6).  See also *Lust v. Sealy, Inc*, 383 F.3d 580, 588 (7th Cir. 2004) (holding that while memorandums are normally hearsay, documents created as part of the regular recordkeeping process are exempt under the rule against hearsay).  As such, under either analysis, the record is admissible.

Next, Defendant argues that statements made by Defendant's owner and President Ron Porter are being inaccurately depicted and, as a result, are inadmissible.  Doc. 54, p. 10.  For the sake of brevity, Plaintiff incorporates the testimony by reference.  The two blocks of testimony reasonably infer that (1) Porter believes that women are genetically inferior to men and the Lord teaches men to protect women; and (2) that Porter believed women have the power manipulate men due to their sexual appeal.  Doc. 52, Ex. 2, Deposition of Ron Porter, 55:19-56:18, 57:10-24; respectively.  Defendant provides no reasoning or authority as to why the testimony should be excluded.  Thus, the Court should consider the testimony appropriately.

B. <u>Not only did Plaintiff make complaints to management, Fare Foods management actively listened and engaged in the harassing conduct.  Thus, Defendant cannot claim lack of knowledge or lack of protected activity.</u>

Defendant holds that Swyear's July 23, 2015 complaint is insufficient to be considered a protected activity as the Plaintiff merely stated she was uncomfortable.  Doc. 54, p. 8-9.  Rather, informal complaints are sufficient to be considered protected activity.  *Damato v. Jack Phelan Chevrolet Geo, Inc.* 927 F. Supp. 283, 288 (N.D. Ill. 1996).  Not only did Plaintiff complain about the events on July 15, 2015, she also complained to Robbie Williams, her immediate supervisor, about the hostile work environment.  Doc. 52, Ex. 7, 86:19-88:10.  Furthermore, Plaintiff alleges that Ron Porter and Robbie Williams engaged in or willfully ignored the

conduct. *Id*. at 76:10-81:22, 82:15-83:13, 84:14-86:07, 86:19-88:10. Comparatively, Porter testified to being aware of some instances of conduct and participating in others. Doc. 52, Ex. 2 at 26:13-18, 27:23-32:23, 33:18-34:11, 35:01-03. Thus, Defendant cannot claim to have no knowledge of the events. See *Shaw v. Merchants' Nat. Bank*, 101 U.S. 557, 566 (1879) (holding that "one who has reason to believe a fact exists, knows it exists"). See also *Vargas v. Esquire, Inc.*, 166 F.2d 651, 654 (7th Cir. 1948) (holding that a party is presumed to know facts within their reach of observation and judgment and not close their eyes to accessible information).

In conclusion, Plaintiff is entitled to summary judgment as a matter of law. Defendant's evidence objections are baseless and do not accurately depict the law. Furthermore, the Defendant cannot claim a lack of knowledge when Plaintiff made multiple verbal complaints and Defendant's senior management actively engaged and, at times, willfully ignored the discriminatory treatment towards women. No matter how much it attempts to downplay this, it is uncontroverted. Thus, for the reasons stated above and the reasons provided for in Plaintiff's Motion for Summary Judgment, this Court should grant summary judgment in favor of Plaintiff and against Defendant Fare Foods.

WHEREFORE, Plaintiff respectfully requests summary judgment be granted in her favor as to all counts as alleged in her Amended Complaint and any other such relief that this Court deems just and proper.

                                                                                                              KAUFHOLD & ASSOCIATES, P.C.

                                                      By:____/s/ Doug Stewart_____
                                                               Doug Stewart, MO #70374
                                                               5111 West Main Street
                                                               P.O. Box 23409
                                                               Belleville, Illinois 62226-0409
                                                               (618) 235-3580
                                                               Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd of February, 2018, I caused the foregoing to be filed with the Court using the Court's ECF case management/filing system, thereby causing the foregoing to be served upon the following counsel of record:

Shari Rhode
Rhode Law
1405 West Main Street
Carbondale, IL 62901


                                                               /s/ Doug Stewart_____